# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

**JOHNNY R. CORDREY,**
       **Plaintiff,**

       vs.                                                                    09-1382

**JOSEPH MATHY,** *et al.*,
       **Defendants.**

## MEMORANDUM OPINION AND ORDER

      Plaintiff, a prisoner in the Pontiac Correctional Center, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He also seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [3].  A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Section 1915(g) requires that this Court consider prisoner actions dismissed prior to, as well as after, the PLRA's enactment. *See Evans v. I.D.O.C.,* 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996).  Plaintiff has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Cordery v. Washington,* Case No. 01-cv-1235 (C.D. Ill., filed May 24, 2001)*; Cordrey v. Washington*, Case No. 00-cv-2070 (N.D.Ill., filed April 4, 2000); *Cordrey v. Amdor*, Case No. 00-cv-1137 (C.D.Ill., filed April 12, 2000); *Cordrey v. Snyder*, Case No. 99-cv-4458 (N.D.Ill., filed July 27, 1999).  *See also Cordrey v. Washington*, Appeal No. 01-3349 (7th Cir., filed May 24, 2001).

     . Plaintiff, at the time he filed this action and currently, is confined at Pontiac Plaintiff, at the time he filed this action and currently, is confined at Pontiac Correctional Center.  The plaintiff advised the court that he is currently being held in segregation in a one man cell.  The allegations in the instant complaint and the allegations the Plaintiff made during the December 17, 2009 merit review conference do not show that Plaintiff is under imminent danger of serious physical injury.  In his complaint filed on November 12, 2009, he complains about an incident that occurred in June 2008, almost 1-1/2 years ago.  The Plaintiff alleges that on June 20, 2008, he was subjected to "said imminent danger and injured in an assault incident upon or after being approved for an early release from seg on June 20, 2008.  He was double celled with a black inmate who assaulted him on June 20, 2008.  The Plaintiff also complains about a disciplinary report that was issued against him for the assault incident. After the assault, the plaintiff was placed in segregation in a one man cell.  The Plaintiff also complains that although Jane Doe Nurse examined him in the Health Care Unit,  she did not provide pain medication or order x-rays for his injuries.  The Plaintiff also claims that he filed a grievance regarding the lack of  x-

rays, but in an August 19, 2008 response, the grievance officer told the Plaintiff that he had refused to go to the Health Care Unit to take x-rays.  During the conference, the Plaintiff advised the court that he could be placed in a situation where he will be attacked by an inmate enemy when he is released from segregation if he is placed in general population.  Based on a review of the plaintiff's complaint and consideration of the allegations he made during the December 17, 2009 merit review conference, the court finds that the plaintiff was not in imminent danger of serious physical injury when he filed this lawsuit on November 12, 2009.

**IT IS THEREFORE ORDERED:**

1. **Pursuant to 28 U.S.C. § 1915(g), the plaintiff's motion for leave to proceed in forma pauperis [3] is denied and his lawsuit is terminated in its entirety, with leave to reinstate , if he pays the filing fee of $350 in full.  Any remaining matters are rendered moot.  The clerk of the court is directed to terminate this lawsuit in its entirety, forthwith.**
2. **Although his lawsuit is dismissed, the plaintiff is still obligated to pay the filing fee in full.  See 28 U.S.C.A. § 1915(b)(1).  The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office.  Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**
3. **If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

**Enter this 18th day of December 2009.**

                    s/Harold A. Baker
              **Harold A. Baker**
         **United States District Court**